UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **EARL J. VOISIN, JR.** | **NUMBER  09-1704, SECTION "P"** |
| **VS.** | **JUDGE MINALDI** |
| **LT. LOVOI, ET AL.** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed under 42 U.S.C. §1983 on September 25, 2009 by *pro se* plaintiff Earl J. Voisin, Jr.[1]  Doc.1.  Mr. Voisin is an inmate in the custody of Louisiana's Department of Public Safety and Corrections incarcerated at Dixon Correctional Institute (DCI) in Jackson, Louisiana, and is serving a twenty-five year sentence imposed following his 2006 second degree kidnaping conviction in the Sixteenth Judicial District Court, Iberia Parish.  Petitioner has been allowed to proceed *in forma pauperis*.  Doc. 3.

Petitioner complains of activities that occurred while incarcerated at the Allen Correctional Center (ACC) in Kinder, Louisiana.  Plaintiff sues Lt. Lovoi (ACC mailroom head) and Ed Shirley (ACC legal services head), complaining that his out-going mail was not sent out. As relief, he asks that the FBI be sent to speak to him at DCI to gather information so that an investigation can be done and that all parties involved (at ACC and DCI) be fired and

---

[1] Plaintiff signed his complaint on September 22, 2009. [Doc. 1]; it appears to have been mailed on September 23, 2009 [Doc. 1] and received and filed on September 25, 2009. For the purposes of this Report, plaintiff has been afforded the benefits of the "mailbox rule" which states that a *pro se* prisoner's complaint should

prosecuted.[2] Petitioner further asks that he be awarded a minimum of $100.00 per day for every day that he was incarcerated at ACC (804 days) or a maximum of $1,000,000.00.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## *Statement of the Case*

Plaintiff alleges that the Department of Corrections (DOC) unjustly denied his ARP because no one from the DOC came to ACC to speak to him. Rather, he asserts that they relied solely on the word of Lt. Lovoi. Plaintiff's grievance against defendant Lovoi is that from June 28, 2006 through April 14, 2008, ACC did not send out his out-going mail. In this regard, plaintiff states that he requested to speak with Lovoi several times but that Lovoi refused to speak to him or to answer any of his correspondent forms.

Plaintiff claims that he subsequently contacted defendant Ed Shirley in an effort to get him to investigate the mail problem. Shirley said that he would investigate the situation but plaintiff claims that he did not. As a result, plaintiff filed another grievance against defendant Lovoi and the mailroom. The DOC denied this grievance. Plaintiff then filed for judicial review in August 2008, and was transferred from ACC to DCI.

1. ***Initial Review***

---

be deemed to have been filed on the date he presented the complaint to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

[2] In regard to plaintiff's request that the defendants be prosecuted for their alleged actions described herein, the undersigned notes that such relief is not available through this complaint. This court cannot impose criminal charges on the defendants. Such actions are within the province of the police department and district attorney's office of the parish where the alleged incidences took place. The Court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights, and not to act as a policeman for the plaintiff. Thus, plaintiff has failed to state a claim for which relief may be granted.

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

*2.     Grievances*

Plaintiff's allegations that defendants failed to respond to his grievances do not implicate the constitution. More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, citing, *Flick v. Alba, et al,* 932 F.2d 728 (8th Cir. 1991).

The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances has no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In sum, as plaintiff

does not have a constitutional right to have his grievances entertained, it follows that defendants did not have a duty to take action with regard to plaintiff's grievances. Consequently, plaintiff's claims that the failure to respond to his grievances violates his constitutional rights, lack an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983.

*3.     Access to the Courts*

Plaintiff claims that his constitutional rights were violated when prison staff failed to send out his mail.[3] Prisoners are guaranteed the right of access to the courts by the Untied States Constitution; however, in this action plaintiff's claims do not rise to the level of a constitutional violation.

In *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. See also, *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited but rather "encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement.'"  *Id*. at 310-311 (quoting *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)).

In *Lewis v. Casey*, the Supreme Court found that the right of access to the courts does not

---

[3]To establish a constitutional violation based upon the interference with prisoner mail, the prisoner must state a cognizable claim either for denial of the right to free speech or an denial of access to the courts violation. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993); *Walker v. Navarro County*, 4 F.3d 410, 413 (5th Cir. 1993). More specifically, to state a valid constitutional claim under § 1983 for denial of access to the courts due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded his access to the court or prejudiced an existing action. Accordingly, plaintiff must sustain an actual injury as a result, of the alleged interference. See *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.

guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. 116 S.Ct. at 2182. The tools the constitution requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and those needed to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. *Id*.

Additionally, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See *Lewis*, at 2182, ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement.") "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821. See also *Lewis v. Casey*, 518 U.S. at 349-355, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

The Supreme Court in *Lewis*, explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury," i.e. that the denial of access "hindered his efforts to pursue a legal claim." 518 U.S. at 351. See also, *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir.1998); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff

---

1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991) (A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992) (If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid).

In the instant case, plaintiff has not demonstrated that defendants' alleged actions hindered his ability to pursue a legal claim or that the alleged failure to receive responses from entities to which he has written has injured him. In fact, plaintiff successfully filed a suit in this Court on December 17, 2007. See, *Voisin v. Colwart*, et al, 07 cv 2230. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot raise a claim of denial of access to the courts and his claims are recommended dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S. C. § 1915A(b)(1).[4]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

---

[4] In the alternative, the court notes that plaintiff's claims herein would nevertheless be barred by the physical injury requirement of § 1997e(e), which states that no federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See, *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005), which held that § 1997e(e) applied to a prisoner's First Amendment claims. More specifically, *Geiger* stated that Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as in *Geiger*, plaintiff's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation. In the present case, the very nature of plaintiff's claims fall with the scope of emotional injury.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED,** in chambers, in Lake Charles, Louisiana, this 15th day of March, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE